IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NORMAN ANTHONY FOSTER,

                Petitioner,                            ORDER

    v.                                                07-C-0517-C

RANDALL HEPP, Warden,
Jackson Correctional Institution,

                Respondent.

---

On September 14, 2007, petitioner Norman Anthony Foster filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In an order entered September 21, 2000, I noted that the petition appeared to be untimely. I directed petitioner to respond by presenting any facts and arguments he could muster to show that his petition is in fact timely, that circumstances exist that would justify tolling the statute of limitations for equitable reasons or that the interests of justice would be better served by addressing the merits of the petition. Day v. McDonough, 547 U.S. 198, 209-10 (2006) (district court may consider timeliness of habeas petition on its own initiative so long as it gives petitioner opportunity to present his position); Arrieta v. Battaglia, 461 F.3d 861, 867 (7th Cir. 2006) (equitable tolling available only where petitioner is unable to file action within statutory period due to extraordinary circumstances outside of his control and through no fault of his

own). The facts and analysis set forth in that order are incorporated by reference as if fully set forth herein.

Petitioner argues that this court should hear his petition even though it is untimely because petitioner is a *pro se* litigant with no knowledge of the law. However, a prisoner's ignorance of proper legal procedures is not a sufficiently extraordinary circumstance to warrant tolling. Id. If it were, then statutes of limitations would have no value to people being sued by those representing themselves. Id.

Petitioner's only other argument is that he is in custody as a result of the admission of testimonial hearsay, in violation of his right of confrontation under the Sixth Amendment as defined in Crawford v. Washington, 541 U.S. 26 (2004). But the fact that petitioner is claiming to be in custody in violation of his constitutional rights does not make his petition any different from any other habeas petition or present an extraordinary circumstance warranting tolling. Indeed, even a petitioner who insists that he is actually innocent will be without a federal remedy if he misses the one-year limitations period. Arujo v. Chandler, 435 F.3d 678, 682 (7th Cir. 2005) (actual innocence not freestanding exception to time limits in § 2244(d)).

In sum, petitioner has failed to make a sufficient showing of extraordinary or otherwise exceptional circumstances that would warrant excusing petitioner's failure to file his federal petition within the one-year limitations period. Accordingly, the petition must be dismissed.

ORDER

IT IS ORDERED that the petition of Norman Foster for a writ of habeas corpus is DISMISSED WITH PREJUDICE for his failure to file it within the one-year limitations period set forth in 28 U.S.C. § 2244(d).

Entered this 23rd day of October, 2007.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge